**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1565**

_____

TAMMY BANDY,

　　　　　Plaintiff - Appellant,

　　v.

CITY OF SALEM, VIRGINIA,

　　　　　Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:19-cv-00826-MFU-RSB)

_____

Argued:  October 28, 2022　　　　　　　　　　　Decided:  February 13, 2023

_____

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by published opinion.  Senior Judge Floyd wrote the opinion, in which Judge Richardson and Judge Quattlebaum joined.

_____

Terry Neill Grimes, TERRY N. GRIMES, ESQ., PC, Roanoke, Virginia, for Appellant. Jeremy E. Carroll, GUYNN WADDELL CARROLL & LOCKABY, P.C., Salem, Virginia, for Appellee.

FLOYD, Senior Circuit Judge:

Plaintiff-Appellant Tammy Bandy brought suit against Defendant-Appellee the City of Salem, Virginia, alleging that Salem failed to promote her based on her age, in violation of the Age Discrimination in Employment Act (ADEA). Bandy sought a booking-coordinator position at the Salem Civic Center (the Center), but Salem passed her up and instead hired a significantly younger candidate. Following discovery, Salem moved for summary judgment, which the district court granted. Bandy now appeals. For the reasons that follow, we affirm.

I.

On January 7, 2019, when she was 52 years old, Bandy applied for the newly open position of booking coordinator at the Center, an event venue that Salem owned and operated. The position entailed advertising the Center to potential clients as an event space, as well as "managing reservations and rentals, preparing contracts, preparing invoices and financial records, and related work as apparent or assigned." J.A. 98. The booking coordinator reported directly to Wendy Delano, the Center's director. The Center's human resources department reviewed all candidates' applications for the booking coordinator position and referred eleven to Delano, who then chose six candidates to interview. On February 7, 2019, a committee comprised of Delano, Hank Luton (the then-events manager), and Chris Fletcher (the outgoing booking coordinator) interviewed these candidates.

Bandy was among the six candidates that the committee interviewed. A high-school graduate, she worked for Salem as a clerk in the utility billing department for nearly two years during the 1980s. She then worked for the Center as a secretary for a little over a year and a half, during which time she performed some booking duties similar to those required of the booking coordinator. Thereafter, she took a year off work, then worked various clerical jobs, was a stay-at-home parent for ten years, and took several part-time positions in short stints, mostly in retail. From October 2008 until she resigned in February 2018, Bandy worked as a part-time box office cashier at the Center. In that position, she assisted customers with ticket selection and purchases, answered the phone, and secured funds in the Center's vault, among other responsibilities.

The committee elected not to hire Bandy. When deposed, Delano, Luton, and Fischer all testified that Bandy did not adequately answer their questions during her interview and showed little enthusiasm for the booking coordinator's advertising and marketing duties. The committee ultimately choose to hire Jefferson Lee (Lee). Lee—who is Luton's wife's cousin—was approximately 25 years old when he interviewed.[1] The committee members testified that they believed his education, experience, thorough preparation for the interview, and positive attitude qualified him for the position. Specifically, Lee had a bachelor's degree in sports business with a minor in communications. During college, he worked for his local parks and recreation department

---

[1] Delano was aware of this relationship, but she believed that Luton could, and did, remain impartial because he had participated in other interview panels for positions for which Lee had applied but was not hired.

3

and for various professional sports teams in event planning and promotion.   When he applied for the booking coordinator position, he was working full time as a high school assistant athletics director while completing an online master's program in executive leadership.   During the interview, he answered the committee's questions thoroughly and enthusiastically.

The interview committee ranked Lee as its top candidate and Bandy as fourth.   The committee's second- and third-favorite candidates were approximately 44 and 60 years old, respectively.[2]   A few days after the interview, the Center informed Bandy of its decision not to hire her.   Bandy testified that Delano later told her that she did not get the job because she had previously done the job, was reliable, could use different computer programs, and was one of the few candidates qualified for the position.   Delano also explained that Salem preferred not to promote her since she already worked at the Center.   Bandy was understandably confused, as these reasons seemingly weighed in favor of hiring her.   When deposed, Delano explained that she gave Bandy this positive feedback out of "kindness." J.A. 111:16–21.

Bandy testified that, on February 14, 2019, Luton told her that although her interview went well, the committee selected Lee because he was "much younger and more energetic" than Bandy.   J.A. 59.   When Bandy appeared surprised by that remark, Luton explained that Lee had just graduated college.   Bandy later informed Delano of Luton's

---

[2]True, there was some question about the formality of this ranking.   But the record is clear that the hiring committee assessed Bandy as its fourth-favorite candidate, and it viewed a female candidate older than Bandy to be more qualified than her.

comment during a conversation that she surreptitiously recorded. Delano responded that she believed that Luton was being honest, but he did not control the ultimate outcome of the interview process. Recorded Conversation at 13:42–49, ECF No. 15 ("[Luton] is not the one that made that decision. We all did. That's why there's [sic] three people on the panel."). She also informed Bandy that age did not influence her decision and that Luton's comments bothered her because they did not give enough credit to Lee's credentials. Bandy resigned the same day. Before she left that day, Bandy alleges that Luton harassed her by putting his arm around her and asking when they would be celebrating her resignation. Bandy's last day of work at the Center was May 6, 2019.

On December 10, 2019, Bandy filed her complaint. She alleged age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, as well as constructive discharge. Salem subsequently moved for summary judgment, which the district court granted. It found that there was a genuine dispute of material fact as to whether the committee as a whole or Delano alone acted as the actual decisionmaker in the hiring process. Viewing the disputed facts in a light most favorable to Bandy, it assumed that the committee functioned as the actual decisionmaker, and it treated Luton's remarks about Bandy's age as direct evidence of age discrimination. Nonetheless, the court concluded that Bandy had not presented evidence sufficient to create a genuine issue of material fact as to whether age was the but-for cause of Salem's decision not to promote her. It highlighted that Lee's education, experience, and interview performance surpassed Bandy's, and that Bandy was not even among the top three candidates for the position—one of whom was older than her.

5

II.

This Court reviews motions for summary judgment de novo. *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014). Under the federal rules, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Id.* (citation omitted). The Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020).

The moving party bears the "initial responsibility" of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets that threshold burden, the nonmoving party must then go beyond the pleadings and affidavits and show that there are "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Under this standard, "[t]he mere existence of a scintilla of evidence" is insufficient to withstand an adequately supported summary judgment motion. *Anderson*, 477 U.S. at 252. Similarly, "conclusory allegations or denials, without more, are insufficient to preclude granting [a] summary judgment motion." *Wai Man Tom*, 980 F.3d at 1037 (citation omitted).

6

III.

The ADEA prohibits employers from "fail[ing] or refus[ing] to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail on an ADEA claim, a plaintiff must prove by a preponderance of the evidence that age constituted the but-for cause of the adverse employment action. *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009). She may do so through direct or circumstantial evidence. *Id.* at 177–78. Importantly, "an employee cannot prevail on an age discrimination claim by showing that age was *one* of multiple motives for an employer's decision; the employee must prove that the employer *would not have* [taken the adverse employment action] in the absence of age discrimination." *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019) (citing *Gross*, 557 U.S. at 177).

A.

As an initial matter, the district court correctly found that there was a genuine issue of material fact regarding whether the interview committee or Delano constituted the actual decisionmaker in the hiring process. Bandy asserts that the committee functioned as the actual decisionmaker. Consequently, she argues, Luton spoke on the committee's behalf when he made derogatory comments about her age, making his comments direct evidence of discrimination. Salem counters that Delano, not the committee, was the actual

7

decisionmaker, meaning that Luton's statements constituted only circumstantial evidence of age discrimination.

Employers are not vicariously liable for all of their subordinate employees' discriminatory actions. *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 287 (4th Cir. 2004) (en banc), *abrogated on other grounds by Gross*, 557 U.S. 167. Instead, employers are responsible only for acts of the "actual decisionmaker" behind an adverse employment action, meaning the individual who "was the one 'principally responsible' for . . . the action." *Id.* at 288–89 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151–52 (2000)).

As the district court reasoned, enough evidence existed for a reasonable jury to conclude that the committee members oversaw the hiring process together. Some evidence indicated that Delano may have been the sole decisionmaker. When deposed, Delano represented that she made "the ultimate decision concerning the hiring for the booking coordinator position." J.A. 227:11–13. Similarly, during her recorded conversation with Bandy, she stated that she had "the ability to flip that switch," meaning that her preference ultimately outweighed Luton's and Fischer's. Recorded Conversation at 13:56–58. Luton and Fischer both testified that Delano had the final say over hiring for the position, as well. Still, other evidence demonstrated that the committee as a whole was the actual decisionmaker. In her post-interview candidate recap, Delano wrote that the committee established its preferences together: "[w]e were looking to find someone who (1) had the right skill set, (2) fit within the pay structure, and (3) had the right attitude." J.A. 199. (emphasis added). Further, when speaking with Bandy, Delano also explained that "*we*

8

*all*" made the decision to hire Lee and "that's why there's [sic] *three people* on the panel." Recorded Conversation at 13:41–48 (emphasis added). Likewise, Bandy herself testified that Luton spoke in the third person about the committee, stating, "*we* hired my wife's cousin; he's much younger and energetic." J.A. 59:6–7 (emphasis added). Viewing this evidence in a light most favorable to Bandy, the district court correctly assumed that the entire interview committee, not just Delano, was the decisionmaker in the hiring process.

B.

All the same, Bandy's age-discrimination claim still fails because no reasonable juror could find that, but for her age, Salem would have promoted her. *See Gross*, 557 U.S. at 176; *Westmoreland*, 924 F.3d at 725. Bandy presents Luton's comment that the committee hired Lee over her because Lee was younger and more energetic as direct evidence of age discrimination. Direct evidence is "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Taylor v. Va. Union Univ.*, 193 F.3d 219, 232 (4th Cir. 1999) (en banc) (citation omitted), *abrogated on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003). We have previously applied the Fifth Circuit's test from *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374 (5th Cir. 2010), to determine whether derogatory comments were direct evidence of age discrimination. *See Cole v. Fam. Dollar Stores of Md.*, 811 F. App'x 168, 175 (4th Cir. 2020) (applying the *Jackson* test); *Arthur v. Pet Dairy*, 593 F. App'x 211, 219 (4th Cir. 2015) (per curiam) (same). Because that test is consistent with our precedent, we adopt it here. Under *Jackson*,

9

derogatory comments constitute direct evidence of discrimination if they are "(1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the complained-of adverse employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) "related to the employment decision at issue." *Jackson*, 602 F.3d at 380 (citation omitted).  Here, Luton's comment directly evinces age discrimination, as it was (1) related to Bandy's age, (2) proximate in time to Salem's decision to hire Lee over Bandy, (3) made by a member of the committee with authority over the hiring process, and (4) related to Salem's decision to hire Lee over Bandy.

> Bandy also presented some circumstantial evidence of age discrimination, including
>
> (1) Delano's hiring and promotion of younger men, including Luton and Fischer; (2) Delano's allegedly intentional exclusion of an HR staff member from the Booking Coordinator interview committee; (3) Delano's surprise and alleged awkwardness upon hearing that Bandy was applying for the Booking Coordinator position; (4) Luton's familial relationship with Lee; and (5) the lack of age discrimination training prior to Bandy's lawsuit.

*Bandy v. City of Salem*, No. 7:19-cv-00826, 2021 WL 1081123, at *6 (W.D. Va. Mar. 19, 2021).[3]

---

[3] When a plaintiff relies on circumstantial evidence to prove an ADEA claim, courts apply the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  First, the plaintiff must establish a prima facie case of discrimination or retaliation.  *Westmoreland*, 924 F.3d at 725.  "Specifically, she must prove that (1) at the time of her firing, she was at least 40 years of age; (2) she was qualified for the job and performing in accordance with her employee's legitimate expectations; (3) her employer nonetheless [took an adverse action against] her; and (4) a substantially younger individual with comparable qualifications replaced her." *Id.* (citation omitted).  Second, if the plaintiff establishes a prima facie case, then the burden shifts to the defendant to show a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action.  *Id.* (citation omitted).  Third, if the defendant shows such a reason, then the burden shifts back

10

But, despite this direct and circumstantial evidence, she has not shown that a reasonable juror could find that age was the but-for reason for Salem's decision not to promote her. *Gross*, 557 U.S. at 177 (simplified). Bandy asserts that Delano preferred to hire "young men" and "stacked" the interview committee against her by excluding human resources representatives and including Luton (Lee's cousin) and Fischer (Luton's "best friend"). Opening Br. at 1, 3, ECF No. 12. These assertions amount to little more than speculation. Human resources remained involved in the hiring process and screened every applicant to ensure that they were minimally qualified. Moreover, Bandy was not even among the top three candidates for the position, and one of the candidates ranked ahead of her was, in fact, a woman older than her. Crucially, the evidence demonstrated that the interview committee hired Lee over Bandy for a number of legitimate reasons: his job experience, particularly in promotion and marketing; higher education in sports, communication, and executive leadership; sales background; enthusiasm; and preparation. As Bandy points out, Lee held many short-term positions, like her. And as she also notes, the hiring committee previously found Lee not qualified when he applied for the same position. But since that time, he gained additional experience as an assistant high school

---

to the plaintiff to prove that the reason was pretextual. *Id.* at 726 (citation omitted). By contrast, when a plaintiff asserts direct evidence of discrimination, this framework does not apply, and the plaintiff "may prevail without proving all the elements of a prima facie case." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citation omitted). This case involves both kinds of evidence. But, regardless of whether we apply *McDonnell Douglas*, we still find that Salem was entitled to summary judgment because Bandy did not show that she would have been promoted but for her age. *See Gross*, 557 U.S. at 177–78 (regardless of the type of evidence she presents, a plaintiff must prove but-for causation under the ADEA).

athletics director and completing the master's program in leadership. The record indicates that Lee's positions provided him with highly relevant knowledge of, and experience in, sales, marketing, and client relations—knowledge and experience that Bandy lacked. For these reasons, the district court properly found that Bandy's evidence did not create a genuine dispute of material fact as to whether, absent age discrimination, Salem would have promoted her.[4]

## IV.

Because no reasonable jury could find that Salem did not promote Bandy because of her age, we affirm the judgment of the district court.

*AFFIRMED*

---

[4] Bandy does not address her constructive discharge claim in her opening brief. During oral argument, her counsel stated that she intended to waive that claim.