**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1335

THOMAS SULLIVAN

Plaintiff - Appellant,

v.

PAUL SMILIJANICH, Lieutenant/Assistant Fire Marshal,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:22-cv-00378-MSN-IDD)

Submitted:  November 21, 2023                    Decided:  November 27, 2023

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Thomas F. Hennessy,   THE  HENNESSY  LAW  FIRM,  PLLC,  Fairfax, Virginia, for Appellant. Jeffrey Notz, PRINCE WILLIAM COUNTY ATTORNEY'S OFFICE, Prince William, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Sullivan appeals the district court's order granting summary judgment to Defendant in Sullivan's 42 U.S.C. § 1983 action alleging malicious prosecution.  Sullivan claimed that Defendant made false statements in the affidavit in support of the warrant for Sullivan's arrest on a charge that was ultimately dismissed.  The district court granted summary judgment to Defendant, finding that Defendant had probable cause to believe that Sullivan was unlawfully operating his truck on public roads using untaxed fuel.  On appeal, Sullivan argues that the district court erred by failing to limit its probable cause analysis to the facts contained in Defendant's warrant application.  We affirm.

We review de novo a district court's ruling on a motion for summary judgment, construing all facts and drawing all reasonable inferences in favor of the nonmoving party. *Bandy v. City of Salem, Va.*, 59 F.4th 705, 709 (4th Cir. 2023).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  We will uphold the district court's grant of summary judgment unless we find that a reasonable factfinder could return a verdict for the nonmoving party on the evidence presented.  *See Bandy*, 59 F.4th at 709.

To succeed on a claim of malicious prosecution under the Fourth Amendment, Sullivan was required to demonstrate, inter alia, that Defendant did not have probable cause to support Sullivan's arrest.  *See Humbert v. Mayor and City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017).  We evaluate probable cause under an objective standard, considering the totality of the circumstances known to the officer at the time of the warrant

application.  *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017).  "Stripped to its essence, the question to be answered is whether an objectively reasonable police officer, placed in the circumstances, had a reasonable ground for belief of guilt that was particularized with respect to the person to be . . . seized."  *United States v. Humphries*, 372 F.3d 653, 657-58 (4th Cir. 2004) (internal quotation marks omitted).

Sullivan's argument that the district court's analysis should have been confined to the facts contained in the warrant application is without merit.  We have previously observed that, regardless of a warrant's validity, a "seizure may nevertheless be justified if the arresting officer had adequate knowledge independent of the warrant to constitute probable cause."  *Humbert*, 866 F.3d at 559 (internal quotation marks omitted).  Indeed, "[b]ecause [a] malicious prosecution claim is based on the Fourth Amendment's right to be free from unreasonable seizure, our inquiry is not limited to the validity of the warrant application."  *Id.*  Rather, a plaintiff must show "that the legal process instituted against him was without probable cause."  *Id.*; *see also id.* at 559-60 (examining evidence extrinsic to warrant application to determine if officers had probable cause to arrest plaintiff).  Thus, the district court was not limited to considering facts contained in the warrant application when conducting its probable cause analysis.

We therefore conclude that the district court did not err in considering facts known to the officer at the time of the warrant application, but not included in the application, in determining whether probable cause supported Sullivan's arrest.  Moreover, while Sullivan argues that the warrant affidavit, stripped of the false information, lacked probable cause, he does not challenge the court's conclusion that probable cause existed independent of the

3

warrant application.  He has therefore waived appellate review of that conclusion.  *See Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*