**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6760**

JUSTIN MICHAEL TYSON,

Plaintiff - Appellant,

v.

GAY, Lieutenant; MCDANIEL, Officer; JORDAN, Officer; ANDREWS, Officer; TAYLOR, Officer; RUSSELL, Officer; SINGLETON, III, Officer; WOOLARD, Officer; MOBLEY, Officer; PAGE, Sergeant,

Defendants - Appellees.

**No. 22-7299**

JUSTIN MICHAEL TYSON,

Plaintiff - Appellant,

v.

LIEUTENANT GAY; OFFICER MCDANIEL; OFFICER JORDAN; OFFICER ANDREWS; OFFICER TAYLOR; OFFICER RUSSELL; OFFICER SINGLETON, III; OFFICER WOOLARD; OFFICER MOBLEY; SERGEANT PAGE,

Defendants - Appellees.

**No. 23-6159**

JUSTIN MICHAEL TYSON,

        Plaintiff - Appellant,

      v.

LIEUTENANT GAY; OFFICER MCDANIEL; OFFICER JORDAN; OFFICER ANDREWS; OFFICER TAYLOR; OFFICER RUSSELL; OFFICER SINGLETON, III; OFFICER WOOLARD; OFFICER MOBLEY; SERGEANT PAGE,

        Defendants - Appellees.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:19-ct-03315-M)

---

Submitted:  March 21, 2024                    Decided:  April 16, 2024

---

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

No. 22-6760, dismissed; Nos. 22-7299, and 23-6159, affirmed by unpublished per curiam opinion.

---

Justin Michael Tyson, Appellant Pro Se. Frederick Hughes Bailey, III, James Harold Ferguson, III, Scott Christopher Hart, SUMRELL SUGG, PA, New Bern, North Carolina; Patrick Houghton Flanagan, CRANFILL SUMNER, LLP, Charlotte, North Carolina; Steven Andrew Bader, CRANFILL SUMNER, LLP, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, Justin Michael Tyson seeks to appeal the district court's order denying several nondispositive motions, and he appeals the court's orders granting Defendants' motions for summary judgment and dismissing his 42 U.S.C. § 1983 action.

We first must determine whether we have jurisdiction over two of Tyson's appeals, as his notices of appeal in Nos. 22-6760 and 22-7299 were filed before the district court resolved all of Tyson's claims. *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (noting that "we have an independent obligation to verify the existence of appellate jurisdiction" (internal quotation marks omitted)). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved all claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). Here, the orders Tyson appealed in Nos. 22-6760 and 22-7299 were not final orders, as they did not resolve all claims as to all parties.

However, when a notice of appeal is premature, the jurisdictional defect can be cured under the doctrine of cumulative finality if the district court enters a final disposition of all claims as to all parties prior to our consideration of the appeal. *See Houck v. LifeStore Bank*, 41 F.4th 266, 271 (4th Cir. 2022), *cert. denied*, 144 S. Ct. 104 (2023). The doctrine of cumulative finality only applies when "the appellant appeals from an order that the district court could have certified for immediate appeal under [Fed. R. Civ. P.] 54(b)." *Id.*

3

Certification under Rule 54(b) is permissible only if the order directs "final judgment as to one or more, but fewer than all, claims." Fed. R. Civ. P. 54(b).

We lack jurisdiction over Tyson's appeal in No. 22-6760, as the order Tyson seeks to appeal, which denied his motion for reconsideration of two nondispositive motions that the district court had previously denied, is not saved by the doctrine of cumulative finality. To the extent Tyson seeks to challenge the district court's denial of his motion for attorney's fees related to an order that itself did not resolve the claims against any party, the district court's denial of that motion could not have been certified under Rule 54(b) for immediate appeal. *See, e.g.*, *Mulay Plastics, Inc. v. Grand Trunk W. R.R. Co.*, 742 F.2d 369, 371 (7th Cir. 1984) (holding that award of attorney's fees could not be certified for appeal under Rule 54(b), as Rule 54(b) "is limited to substantive claims"). Similarly, to the extent Tyson seeks to challenge the district court's denial of his motion for discovery-related sanctions, the cumulative finality rule does not apply to discovery rulings. *See In re Bryson*, 406 F.3d 284, 287-89 (4th Cir. 2005) (noting that appeals from "clearly interlocutory decision[s]," such as "a discovery ruling or a sanction order," cannot be saved by cumulative finality). Therefore, we lack jurisdiction over Tyson's appeal in No. 22-6760 and we dismiss that appeal.[1]

---

[1] That is not to say that interlocutory decisions denying requests for attorney's fees and discovery sanctions are entirely unreachable. Some interlocutory decisions merge into final decisions disposing of the case. A notice of appeal from that final decision "encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order." Fed. R. App. P. 3(c)(4); *see also See* Fed. R. App. P. 3 advisory committee's note to 2021 amendment ("The general merger rule can be stated simply: an appeal from a final judgment permits review of all rulings that led up to the judgment.

4

The cumulative finality doctrine does apply to Tyson's premature appeal in No. 22-7299. The order from which Tyson appealed granted summary judgment to some defendants as to all of Tyson's claims against them. Thus, those claims were fully resolved as to the relevant defendants, and cumulative finality was established upon the district court's entry of a final judgment. *See Houck*, 41 F.4th at 271-72. However, we need not pass upon the merits of the claims that the district court considered in the underlying order. After Tyson filed his second notice of appeal, the district court granted summary judgment to Defendants based on a procedural affirmative defense; this order encompassed the individual defendants for whom the court had previously granted summary judgment on the merits. The court's order reconsidering the grounds for granting summary judgment to those defendants thus superseded that prior order. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 503, 514-15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted.").

Turning to appeal No. 23-6159, Tyson challenges the district court's grant of summary judgment to Defendants on the ground that he failed to exhaust his administrative

---

Because this general rule is subject to some exceptions and complications, the amendment does not attempt to codify the merger principle but instead leaves its details to case law."). Since this amendment to Rule 3, "there has been little case law interpreting which orders 'merge into' a later order." *Wall Guy, Inc. v. Federal Deposit Ins. Corp.*, --- F.4th ---, 2024 WL 1151667, at *12 (4th Cir. 2024). Assuming without deciding that the order denying Tyson's requests for attorney's fees and discovery sanctions merged into the final judgment from which he also appealed in No. 23-6159, we would review for abuse of discretion. *See, e.g.*, *Mercer v. Duke Univ.*, 401 F.3d 199, 203 (4th Cir. 2005); *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023). And on this record, we see none.

5

remedies before filing suit.  We review de novo a district court's ruling on a motion for summary judgment, construing all facts and drawing all reasonable inferences in favor of the nonmoving party.  *Bandy v. City of Salem, Va.*, 59 F.4th 705, 709 (4th Cir. 2023). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We will uphold the district court's grant of summary judgment unless we find that a reasonable factfinder could return a verdict for the nonmoving party on the evidence presented.  *See Bandy*, 59 F.4th at 709.

"The Prison Litigation Reform Act [(PLRA), 42 U.S.C. § 1997e(a)] requires prisoners to exhaust all available administrative remedies before filing a § 1983 action challenging the conditions of their confinement."  *Younger v. Crowder*, 79 F.4th 373, 377 (4th Cir. 2023) (internal quotation marks omitted).  This exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and courts have no discretion to waive the exhaustion requirement, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Further, the PLRA "requires proper exhaustion, which demands compliance with an agency's deadlines and other critical procedural rules," *Younger*, 79 F.4th at 377 (internal quotation marks omitted), to allow the agency a full and fair opportunity to address the issues in the first instance.  However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."  *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

We conclude that the district court correctly found that Defendants were entitled to summary judgment.  Tyson did not exhaust his available administrative remedies as

required by the PLRA because he failed to submit an initial grievance relating to the incident underlying his claims before the relevant seven-day deadline elapsed. Instead, Tyson submitted several untimely grievances eight or more months after the incident. *See id.* (noting that "a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are").[2] Thus, we affirm in No. 23-6159.

In sum, we dismiss Tyson's appeal in No. 22-6760 for lack of jurisdiction and affirm the district court's orders granting summary judgment to Defendants in Nos. 22-7299 and 23-6159. We deny Tyson's motion in No. 22-6760 for the production of a transcript at government expense and grant Tyson's pending motions to submit his appeals on the briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 22-6760, DISMISSED;*
*Nos. 22-7299, 23-6159, AFFIRMED*

---

[2] Since Tyson failed to meet the initial administrative deadline, we need not address the issues our court has previously identified with North Carolina's prison grievance procedures. *See Griffin v. Bryant*, 56 F.4th 328, 336 (4th Cir. 2022).